UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA KHUTI AMEN BEY,

    Plaintiff,

v.                                          Case No: 8:21-cv-940-TPB-AAS

CINDY STUART, CAROLINE TESCHE
ARKIN, CATHERINE PEEK MCWEN,
MARY ELIZABETH KUENZEL, MARK
ELIA, and JANILLAH A. JOSEPH,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMAND AND DISMISSING ACTION

Plaintiff, representing himself, filed a form complaint in state court seeking replevin with respect to a "Court bond." Plaintiff names as defendants a sitting judge of the state circuit court (Caroline Tesche Arkin), the Clerk of Florida's Second District Court of Appeal (Mary Elizabeth Kuenzel), and a sitting judge of the United States Bankruptcy Court for the Middle District of Florida (Catherine Peek McEwen), among others. Plaintiff's claims against these government officials appear to be made against them in their official capacity and/or for actions taken in the course of their official duties. Judge McEwen filed an affidavit showing that she was acting within the course and scope of her employment for the federal government at the time of the alleged incidents that form the basis of Plaintiff's claims and removed the case to this Court. (Docs. 1; 24-3).

Plaintiff's complaint alleges the bond is valued at over $758,000 and that it is in the possession of the United States Bankruptcy Court for the Middle District of Florida. (Doc. 1-1 at 1). It alleges that Defendants detain this property because of "Unjust enrichment, Tax Fraud, Proprietary Trading . . . I'm not sure – hence this lawsuit." (*Id.*) Several "bonds" appear in the record, each consisting of an incomprehensible jumble of statements and legal terms many of which appear to have been included at random. (Doc. 1-3, at 9-15; 1-3 at 21-25; 1-3 at 28-33).

Plaintiff also filed an equally incomprehensible "Claim for Relief – Complex Business Litigation and Replevin."[1] (Doc. 1-3 at 79). This claim identifies Plaintiff as an "aboriginal indigenous Moorish-American" and invokes the Court's jurisdiction under the "Zodiac Constitution © AA222141" and various constitutional and statutory provisions, including the Treaty of Guadalupe Hidalgo, the "Pope's Letter to Obama via attorney (2014)," and numerous provisions of the Uniform Commercial Code. (Doc. 1-3 at 80-82). The relief sought includes a request that the "United States Circuit Civil Court stop these abuses of colorable authority by the defendant(s)." (*Id.* at 87).

Plaintiff has filed a motion to remand, to which Judge McEwen responded. (Docs. 8; 24). Motions to dismiss have been filed by Judge Arkin and Clerk Kuenzel,

---

[1] Plaintiff has filed many other papers in this proceeding that are replete with nonsensical or incomprehensible allegations and arguments. *See* (Docs. 1-3 at 62-65; 1-3 at 136-42; 1-3 at 143-45; 1-3 at 146-52; 8; 11; 13-15;30). Plaintiff filed another lawsuit similar to this one, which was removed to federal court and assigned to Judge Steven Merryday, who dismissed the suit with prejudice. *See Bey v. Stuart et al.*, No. 8:21-cv-920. Plaintiff filed another lawsuit in state court naming government officials as defendants, purportedly arising from a dispute regarding the wearing of masks at a Post Office branch. This suit was removed to federal court and is pending before this Court. *See Bey v. Fermo, et al.*, No. 8:21-cv-926.

Page 2 of 8

Mark Elia, and Judge McEwen. (Docs. 16; 18; 22; 26). Of the remaining Defendants, Hillsborough County Clerk Cindy Stuart filed a motion to dismiss in state court but has not re-filed that motion following removal. (Doc. 1-3 at 129). The record contains no indication, however, that Stuart or Defendant Janillah Joseph have been served with process. *See* (Doc. 43). Plaintiff has filed responses to Judge McEwen's and Mark Elia's motions to dismiss. The Court addresses these motions in turn.

*Plaintiff's Motion to Remand*

Plaintiff's motion refers to the removal as being "untimely" but offers no factual support, argument, or legal authority on this point, and is otherwise incomprehensible. Judge McEwen's removal notice asserts that service of the complaint was attempted on her on March 19, 2021 and she filed the removal notice within thirty days of that date. Accordingly, removal was timely. *See* 28 U.S.C. § 1446(b)(1); *see also* 28 U.S.C. § 2679(d)(2) (upon certification by the Attorney General, action may be removed at any time before trial).

Plaintiff does not challenge the Court's subject matter jurisdiction, but the Court has considered the issue *sua sponte*. Judge McEwen argues that Plaintiff has sued her in her official capacity and provides an affidavit of the acting United States Attorney in support of that contention. As such, the suit is in effect a suit in tort against the United States for loss of property, and as such governed by the Federal Tort Claims Act ("FTCA"). The Court therefore has jurisdiction under 28 U.S.C. § 1346(b)(1), 28 U.S.C. §2679(b)(1), and 28 U.S.C. § 2679(d)(1). *See Osborn v.*

*Haley,* 549 U.S. 225, 241 (2007); *James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-cv-J-1120-34JRK, 2009 WL 2901197, at *5 (M.D. Fla. Sept. 4, 2009).  Accordingly, Plaintiff's motion to remand is denied.

### *Arkin and Kuenzel's Motions to Dismiss*

Judge Arkin is a judge on Florida's Thirteenth Judicial Circuit and Defendant Kuenzel is the Clerk for Florida's Second District Court of Appeal.  They argue that Plaintiff's filings present "rambling and incoherent" allegations that fail to state a claim for relief.  Alternatively, they argue they are entitled to judicial immunity.  Plaintiff has not responded to their motion.  The Court finds that the complaint as to these defendants is due to be dismissed on both these grounds.

### *Elia's Motion to Dismiss*

Defendant Elia moves to dismiss, arguing among other things that the replevin complaint is not directed to him, and that Plaintiff's "Claim for Relief" is "based on a patchwork of bizarre legal theories that amount to a 'sovereign citizen' analysis" and may be dismissed "'without extended argument.'" (Doc. 22 at 8) (quoting *Stokes v. Credit One Bank*, N.A., No. 2:18-cv-51-MHT-WC, 2019 WL 3183579, at *5-6 (M.D. Ala. June 18, 2019)).  Plaintiff's incoherent response does not address Elia's points except to deny that Plaintiff is making "sovereign citizen" claims.  (Doc. 25 at 5).  Nonetheless, Plaintiff's claims, allegations, and citations are similar to those in "sovereign citizen" cases, which courts "have routinely dismiss as frivolous." *Banks v. Pompeo,* No. 2:19-cv-755-FtM-29-NPM, 2019 WL 11477403, at *2 (M.D. Fla. Dec. 11, 2019), *report and recommendation adopted*, 2019 WL

11478072 (M.D. Fla. Dec. 30, 2019). Plaintiff fails to state a claim against Defendant Elia, and Elia's motion to dismiss will be granted.

### *McEwen's Motion to Dismiss*

Judge McEwen moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and Fed R. Civ. P. 12(b)(6). She argues that the suit against her is deemed a suit against the United States under the FTCA and that Plaintiff has not alleged compliance with the FTCA's exhaustion requirements. Judge McEwen also argues that the complaint also fails to state a claim under Rule 12(b)(6) because the "bond" for which replevin is sought is manifestly a "worthless, meaningless document that cannot form the basis of any claim for relief," citing a prior decision dismissing similar claims against Judge McEwen. *See Bey v. McEwen*, No. 8:20-cv-4-T-36TGW, 2019 WL 838240 (M.D. Fla. Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 836270 (M.D. Fla. Feb. 20, 2020). Judge McEwen further argues that Plaintiff's allegations are so "chaotic" and "meaningless" that she cannot be expected to respond, and that any attempt to amend to state a claim against her individually would be futile because she is entitled to judicial immunity.

Plaintiff's largely incomprehensible response fails to address Judge McEwen's arguments. Judge McEwen is entitled to dismissal of the suit as to her, because the suit is deemed to be a suit against the United States, because the complaint fails to state a claim against her individually, and because she is entitled to judicial immunity.

*Leave to Amend*

Given Plaintiff's *pro se* status, the Court would ordinarily allow Plaintiff an opportunity to amend the complaint. However, because Plaintiff's complaint is "wholly insubstantial, unintelligible and frivolous," leave to amend would be futile. *See, e.g., Banks*, 2019 WL 11477403, at *2 (citing *Henry v. Fernandez-Rundle*, 773 F. App'x 597 (11th Cir. 2019)); *see also Bey,* 2019 WL 838240, at *2 (dismissing similar complaint against Judge McEwen without leave to amend); *McKenna v. Obama*, 3:15CV335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016) ("[F]urther processing of what might be loosely described as plaintiff's claims, would result in waste of scarce public resources and would only serve as an incentive to further abuses."), *report and recommendation adopted*, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016). Therefore, the complaint will be dismissed with prejudice as to all Defendants.

Plaintiff is warned against the filing of further frivolous pleadings and papers. A court may exercise its inherent judicial authority to sanction an abusive litigant. *See, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Sindram*, 498 U.S. 177 (1991). The filing of frivolous pleadings and other papers such those filed by Plaintiff in this case is abusive, because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that

these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion/Affidavit to Remand pursuant to 28 USC 1447(c)" (Doc. 8) is **DENIED.**

(2) "Defendants Caroline Tesche Arkin and Mary Elizabeth Kuenzel's Motion to Dismiss Complaint" (Docs. 16; 18) is **GRANTED**.

(3) **"**Defendant Mark C. Elia's Motion to Dismiss Plaintiff's Claim for Relief Complex Business Litigation and Replevin and Replevin Complaint Per F.S. 78.055" (Doc. 22) is **GRANTED**.

(4) "Defendant Catherine Peek McEwen's Motion to Dismiss with Prejudice" (Doc. 26) is **GRANTED**.

(5) Plaintiff's complaint is **DISMISSED WITH PREJUDICE**, without leave to amend.

(6) The action is **DISMISSED**.  The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**